1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN G. PADILLA, | No. 2:18-CV-2803-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (ECF Nos. 7 and 8), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (ECF Nos. 11 and 16).

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. <u>See</u> <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. <u>See</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.


## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. <u>See</u> 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

| | |
|---|---|
| Step 1 | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |

/ / /

Step 4    If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied;

Step 5    If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on August 1, 2012.  See CAR 376.[1]  In the application, plaintiff claims disability began on October 1, 2008.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing.  After the hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated May 15, 2015.  See id. at 177-87.  The Appeals Council accepted review and remanded the matter for further proceedings.  See id. at 193-96.  On remand, anther administrative hearing was held on June 8, 2017, before ALJ Carol A. Eckersen.  In an October 4, 2017, decision, the ALJ noted the following regarding the Appeals Council's remand order:

> In its remand order, the Appeal Council directed me to give further consideration to the claimant's ability to perform past relevant work and obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.
>
> Id. at 15.

In her October 4, 2017, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

> 1. The claimant has the following severe impairment(s): history of bilateral carpal tunnel release, bilateral ulnar compression and tendinitis at the elbows, aortic dissection status post grafting and valve replacement, and hepatitis C;
>
> 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3. The claimant has the following residual functional capacity: light work except he can occasionally handle and finger with the right upper extremity;
>
> 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> See id. at 17-29.

After the Appeals Council declined further review on August 30, 2018, this appeal followed.

---

[1]     Citations are the to the Certified Administrative Record (CAR) lodged on February 6, 2019 (ECF No. 10).

4

# III. DISCUSSION

In his opening brief, plaintiff raises one issue and argues the ALJ "improperly determined that Padilla did not suffer from any severe mental health impairments."

To qualify for benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c).[2] In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923. An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See Social Security Ruling (SSR) 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

## A. The ALJ's Findings

At Step 2, the ALJ evaluated the severity of plaintiff's alleged impairments. See CAR 17-20. Regarding mental impairments, the ALJ stated:

> The claimant's medically determinable mental impairment of depressive disorder does not cause more than minimal limitations in the claimant's ability to perform basic mental work activities and is therefore nonsevere.
>
> The claimant's treatment record for his depression is very limited. He occasionally reported feeling anxious and depressed in 2011 and was prescribed antidepressant medication from his primary care physician (Ex. 5F/61, 64). However, there was no further evidence in the record concerning his mental impairments.

---

[2] Basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521, 416.921.

Because the record was devoid of any mental health treatment, the State agency obtained a consultative psychiatric evaluation in January 2013 conducted by Wendy M. McCray, Ph.D. During the examination, the claimant reported overdosing on "pills" in 2008 or 2009. At that time, he was struggling with depression due to his new hepatitis C diagnosis. The claimant reported problems with sustaining attention and concentration. He had interrupted sleep. He felt hopeless regarding his future and a high level of stress due to family. During the mental status evaluation, the claimant was cooperative and polite. He was intermittently tearful. He was oriented to person, place, and time. He displayed adequate attention and concentration for conversation. He was able to spell a word correctly forward but made an error in reverse. His recent and remote memory appeared grossly intact. He was able to recall three out of three items immediately and three out of three items after a short delay. He was able to complete simple oral calculations. He indicated that his mood was depressed and his affect was tearful and dysphoric. He admitted to current suicidal ideation but denied any plan or intent to acct. His thought process and content were unremarkable. The examiner only noted subjective cognitive complaints, diminished motivation, low energy, and disrupted sleep. He was diagnosed with major depressive disorder and polysubstance abuse in reported four-year remission (Ex. 6F).

CAR 18-19.

The ALJ also noted the record contained no evidence of abnormal mental findings from any treating source. See id. at 19. Further, the ALJ observed that, despite being prescribed medications in late 2015 – after the first unfavorable decision – plaintiff refused to take them and instead self-medicated with marijuana. See id.

Finally, with respect to the medical opinion evidence concerning the severity of plaintiff's mental impairment, the ALJ stated:

Based on her evaluation, Dr. McCray opined that the claimant's ability to relate to others, including co-workers, supervisory personnel, and the general public in an appropriate manner is unimpaired. His ability to maintain his attention and concentration for simple and one and two-step tasks appears to be unimpaired. His ability to perform multi-step and higher level cognitive tasks appears to be grossly unimpaired from a cognitive point of view based upon brief mental status examination. The claimant's ability to withstand the stress and pressure associated with interview and mental status testing was mildly impaired due to his current level of depression (Ex. 6F).

State agency psychiatric consultant Karen Ying, M.D., (Ex. 1A) agreed with Dr. McCray's assessment and found the claimant had no severe mental impairment.

Id. at 19.

///

6

**B.**     <u>Plaintiff's Contentions</u>

Plaintiff argues:

. . .[T]he ALJ found Padilla did not suffer from a severe mental health impairment. AR 18. Specifically the ALJ found that the depressive disorder did not cause more than minimal limitation in Padilla's ability to perform basic mental work activities. *Id.* The ALJ reasoned that the medical record was devoid of any mental health treatment and that the State Agency obtained a consultative examination in January 2013. AR 18. However, Padilla did not state that he was seeking mental health treatment nor that he was disabled because of a mental health reason – rather he reported that he was to die because he cannot do anything in 2013. AR 430. Padilla's mental health deteriorated to the point which is why there was a lack of mental health records in 2013. The ALJ noted that there was no evidence from his treating sources of abnormal mental findings on examination in the relevant period, citing to the entire Exhibits 3F, 5F, 8F, 11F, 13F, 15F, 16F, 17F, 19F, 26F, 28F, 29F, 30F, 32F, and 33F.

Not so. On October 21, 2015, mental status examination revealed that Padilla exhibited agitated behavior; slowed speech; depressed mood; and a sad flat affect. AR 1009, 1031-1032. On December 3, 2015, again mental status examination was not normal and in fact revealed an agitated and labile behavior; slowed and pressured speech; a depressed mood; and a sad flat affect. AR 1036-1037. On January 25, 2016, Padilla exhibited on mental status examination pressured behavior; an anxious affect and mood; with minimal understanding of own issues as insight. AR 1041-1042. Inaccurate characterization of evidence warrants remand: *Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir. 1999) (materially "inaccurate characterization of the evidence" warrants remand).

Second, the ALJ notes that Padilla reported that despite having antidepressant medications, Padilla did not take them and denied psychiatric illness. AR 19. The ALJ misconstrued that treatment note where Padilla denied having mental illness. Padilla did deny that he was not depressed, however, Padilla continued to talk in a loud voice using expletives words; and indicated that he is not depressed however cannot control his anger. AR 1035-1036. Common sense dictates that if a person is angry, then the common behavior is anger not depression. Further, despite stating that, the mental status examination still revealed an agitated and labile behavior; slowed and pressured speech; a depressed mood; and a sad flat affect. AR 1036-1037.

Third, the ALJ focuses on a treatment note that showed that it was not until September 2015, after receiving an unfavorable decision that Padilla complained of mental health symptoms of "feeling depressed merely 'for a couple of months' due to being unemployed, finances, and recent death in the family." AR 19. The lack of mental health treatment does not mean Padilla does not have a mental illness. In *Olmstead v. L.C.*, 527 U.S. 581, 608 (1999), Justice Kennedy, filing an opinion concurring

/ / /

/ / /

/ / /

in the judgment, recognized the stigma attached to individuals who suffer from mental illness:

> [d]uring the course of a year, about 5.6 million Americans will suffer from severe mental illness. E. Torrey, Out of the Shadows 4 (1997). Some 2.2 million of these persons receive no treatment. *Id.*, at 6.

The Ninth Circuit itself has held in *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) that it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness. The fact that it took Padilla until 2015 to seek help does not mean that his mental illness is not severe. The ALJ is obligated to review the record as a whole. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir.1984) (error for an ALJ to ignore or misstate the competent evidence in the record in order to justify his conclusion).

Fourth, the ALJ focused that Padilla did not take his antidepressant medications and was found as an unreliable historian with his story too convoluted. AR 19. Padilla did not take his antidepressant medication because he was taking marijuana to treat it instead. AR 1046. As to the unreliable historian claim, doctor's "observations must be 'read in context of the overall diagnostic picture' the provider draws." *Ghanim*, 763 F.3d at 1162 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Despite such statement by the nurse, the mental status examinations that followed continued to show abnormal findings.

Fifth, the ALJ found that as of January 2016, Padilla endorsed not being depressed, having improved, having mild symptoms, with no mental health treatment following such. AR 19. However, the remaining treatment notes following that date, all have as an active problem - bipolar affective disorder, clinical depression, mood disorder, and anxiety disorder. AR 1139. Finally, statements of improvement must be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

Fifth [sic], the ALJ relied on Dr. McCray's opinion that Padilla had mild mental limitations in 2013, and the state agency physician Karen Ying, M.D., opined that in 2013 that Padilla did not suffer from a severe impairment. These opinions occurred in 2013. It is legal error for the ALJ to isolate portions of the record. *Reddick v. Chater*, 157 F.3d at 720 (requiring that the Commissioner and her ALJs view the record as a whole rather than parceling out a quantum of evidence here and there); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence."); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (error for ALJ to "selectively focus[ ] on ... [evidence] which tend[s] to suggest non-disability")*; Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for ALJ to ignore or misstate competent evidence in order to justify his conclusion). The ALJ simply focused on two 2013 opinions, rather then [sic] the entire medical record that shows a worsening of mental health, and Dr. Lin opinion that Padilla suffers from depression, anxiety, personality disorder, and psychological facts affecting sex. AR 835.

8

The issues materialize because the vocational expert testified that person with the same limitations assessed by the ALJ's residual functional capacity, coupled with mental health limitation of simple repetitive tasks Padilla could not perform the jobs identified under step five. AR 140. Since the ALJ found that depression was a non-severe impairment, he did not go through the symptom testimony analysis required under Social Security Ruling 16-3p, thus such issue is not waived by Padilla. The ALJ's assessment under step two contains material legal error. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (reasonable ALJ could reach a different conclusion makes the error material). The court should reverse and remand.

**C.**      **Disposition**

The gravamen of plaintiff's argument is that the ALJ's residual functional capacity assessment coupled with a mental limitation to simple repetitive tasks renders him unemployable. While plaintiff has referenced numerous objective findings indicating some kind of mental impairment, he has not pointed to specific objective findings or medical opinions indicating his mental impairment poses more than a minimal limitation on his ability to work in general or his ability to engage in other than simple repetitive work-related tasks in particular. Notably, Dr. McCray's opinion indicates just the opposite – that plaintiff's ability to engage in the mental demands of work are unimpaired.[3]

The court finds plaintiff has not met his burden of showing his mental impairment is severe.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3]      Plaintiff does not challenge the ALJ's evaluation of the medical opinion evidence.

9

# IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 11) is denied;

2.  Defendant's motion for summary judgment (ECF No. 16) is granted;

3.  The Commissioner's final decision is affirmed; and

4.  The Clerk of the Court is directed to enter judgment and close this file.

Dated:  October 2, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE